# EXHIBIT A

# STATE OF NORTH CAROLINA

**CLEVELAND** County

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name And Address Of Plaintiff 1
KATHERINE B. PATTERSON
c/o: J Sharpe, PLLC
15720 Brixham Hill Ave., Ste. 300
Charlotte, NC 28277

FILED

2020 OCT 20 P 2: 25

CLEVELAND CO., C.S.C.

BY

Name And Address Of Plaintiff 2

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

Name And Address Of Defendant 1
TEXSOURCE, INC.
714 Cleveland Avenue
Kings Mountain, NC 28086

Summons Submitted
☒ Yes ☐ No

Name And Address Of Defendant 2
B HOLDING, INC.
715 Cleveland Avenue
Kings Mountain, NC 28086

Summons Submitted
☒ Yes ☐ No

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)
Jenny L. Sharpe, Esq.
15720 Brixham Hill Ave., Ste. 300
Charlotte, NC 28277

| Telephone No. 704-944-3272 | Cellular Telephone No. 704-858-2581 |
|---|---|
| NC Attorney Bar No. 13698 | Attorney Email Address |

☒ Initial Appearance in Case ☐ Change of Address

| Name Of Firm J Sharpe, PLLC | Fax No. 704-944-3201 |
|---|---|

Counsel For
☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

### TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Sexual harassment and |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | discriminatory/retaliatory discharge in |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | violation of Title VII; wrongful |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | discharge; intentional torts. |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 10 · 18 · 2020 | Jenny A. Sharpe |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☒ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| 3 | The Printin' Press, Inc., 714 Cleveland Ave., Kings Mountain, NC 28086 | ☒ Yes  ☐ No |
| 4 | Robert F. Bolin, 301 S. Battleground Ave., Kings Mountain, NC 28086 | ☒ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

# STATE OF NORTH CAROLINA

CLEVELAND _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>KATHERINE B. PATTERSON | |
| **Address**<br>c/o: 15720 Brixham Hill Ave., Ste. 300 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **City, State, Zip**<br>Charlotte, NC 28277 | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| **Name Of Defendant(s)**<br>TEXSOURCE, INC., B HOLDING, INC.,<br>THE PRINTIN' PRESS, INC., and<br>ROBERT F. BOLIN, Individually | **Date Original Summons Issued**<br><br>**Date(s) Subsequent Summons(es) Issued** |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| TexSource, Inc. | B Holding, Inc. |
| c/o: Robert Bolin, Registered Agent | c/o: Ryan Bolin, Registered Agent |
| 714 Cleveland Ave., Kings Mountain, NC 28086 | 714 Cleveland Ave., Kings Mountain, NC 28086 |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | | |
|---|---|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**<br>Jenny L. Sharpe, Esq. / J Sharpe, PLLC<br>15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277<br>(704) 944-3272 | **Date Issued**<br>10-20-2020 | **Time**<br>2:24 | ☐ AM ☒ PM |
| | **Signature**<br>_M. Lankford_ | | |
| | ☐ Deputy CSC | ☒ Assistant CSC | ☐ Clerk Of Superior Court |

| | | | |
|---|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement** | **Time** | ☐ AM ☐ PM |
| | **Signature** | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

CLEVELAND County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>KATHERINE B. PATTERSON | |
| Address<br>c/o: 15720 Brixham Hill Ave., Ste. 300 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| City, State, Zip<br>Charlotte, NC 28277 | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| Name Of Defendant(s)<br>TEXSOURCE, INC., B HOLDING, INC.,<br>THE PRINTIN' PRESS, INC., and<br>ROBERT F. BOLIN, Individually | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>TexSource, Inc.<br>c/o: Robert Bolin, Registered Agent<br>714 Cleveland Ave., Kings Mountain, NC 28086 | Name And Address Of Defendant 2<br>B Holding, Inc.<br>c/o: Ryan Bolin, Registered Agent<br>714 Cleveland Ave., Kings Mountain, NC 28086 |
|---|---|

> ⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!**
> **You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**
> **¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
> **Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Jenny L. Sharpe, Esq. / J Sharpe, PLLC<br>15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277<br>(704) 944-3272 | Date Issued<br>10-20-2020 | Time<br>2:24 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>_Am Lankford_ | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

__CLEVELAND__ County

File No.
20 CVS 1622

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>KATHERINE B. PATTERSON | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **Address**<br>c/o: 15720 Brixham Hill Ave., Ste. 300 | |
| **City, State, Zip**<br>Charlotte, NC 28277 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| **Name Of Defendant(s)**<br>TEXSOURCE, INC., B HOLDING, INC.,<br>THE PRINTIN' PRESS, INC., and<br>ROBERT F. BOLIN, Individually | **Date Original Summons Issued**<br><br>**Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| **Name And Address Of Defendant 1**<br>The Printin' Press, Inc.<br>c/o: Robert Bolin, Registered Agent<br>714 Cleveland Ave., Kings Mountain, NC 28086 | **Name And Address Of Defendant 2**<br>Robert F. Bolin<br>301 S. Battleground Avenue<br>Kings Mountain, NC 28086 |

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| **Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**<br>Jenny L. Sharpe, Esq. / J Sharpe, PLLC<br>15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277<br>(704) 944-3272 | **Date Issued**  10-20-2020  **Time** 2:24 ☐ AM ☒ PM<br>**Signature** _McCrawford_<br>☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement**  **Time** ☐ AM ☐ PM<br>**Signature**<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ CLEVELAND _____ County

File No.
**20 CVS 1622**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| KATHERINE B. PATTERSON | |

| Address | |
|---|---|
| c/o: 15720 Brixham Hill Ave., Ste. 300 | |

| City, State, Zip | |
|---|---|
| Charlotte, NC 28277 | |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

### VERSUS

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| TEXSOURCE, INC., B HOLDING, INC., THE PRINTIN' PRESS, INC., and ROBERT F. BOLIN, Individually | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The Printin' Press, Inc. c/o: Robert Bolin, Registered Agent 714 Cleveland Ave., Kings Mountain, NC 28086 | Robert F. Bolin 301 S. Battleground Avenue Kings Mountain, NC 28086 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Jenny L. Sharpe, Esq. / J Sharpe, PLLC 15720 Brixham Hill Ave., Ste. 300 Charlotte, NC 28277 (704) 944-3272 | 10-20-2020 | 2:24 ☐ AM ☒ PM |
| | Signature _M'Crawford_ | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM   ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM   ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

STATE OF NORTH CAROLINA

CLEVELAND COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1622

KATHERINE B. PATTERSON,

    Plaintiff,

v.

TEXSOURCE, INC., B HOLDING, INC.,
THE PRINTIN'PRESS, INC., and ROBERT
F. BOLIN, Individually,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
**JURY TRIAL DEMANDED**

The Plaintiff, Katherine B. Patterson, being duly sworn, alleges and says the following:

## I.
## NATURE OF ACTION

This civil action arises from violations of 42 U.S.C. § 2001, *et seq.* (hereinafter referred

to as "Title VII") and state law. Plaintiff alleges that the corporate Defendants, acting as "joint

employers," and/or an "integrated enterprise," subjected her to a sexually hostile working

environment created by their owner, Defendant Robert F. Bolin. Plaintiff further alleges that

Defendants terminated her employment in retaliation for filing a charge of discrimination with

the U.S. Equal Employment Opportunity Commission and because of her sex. In addition,

Plaintiff alleges that Defendant Bolin committed sexual battery by touching her breasts and other

parts of her body against her will in violation of state law, and, that he retaliated against her by

causing to be filed a baseless criminal charge against her in an effort to dissuade her from

pursuing civil claims against him and his businesses. Plaintiff seeks appropriate equitable and

1

monetary relief in the form of present and future lost wages, compensatory damages for emotional distress, and punitive damages as provided by federal and state law.

## II.
## JURISDICTIONAL STATEMENT& PARTIES

1.      Plaintiff is an adult citizen and resident of Cleveland County, North Carolina. At all times alleged herein Plaintiff was employed by the Defendants and worked at Defendants' business offices located at 714 Cleveland Avenue, Kings Mountain, North Carolina.

2.      The Defendant, TexSource, Inc., was, and continues to be a North Carolina corporation, authorized to conduct, and conducting business within the State of North Carolina. Defendant TexSource, Inc. (hereinafter referred to as "Defendant TexSource"), sells screen printing equipment, screen printing ink and other screen-printing supplies. Defendant TexSource is owned by Defendant, Robert F. Bolin.

3.      The Defendant, The Printin' Press, Inc., was, and continues to be a North Carolina corporation, authorized to conduct and conducting business within the State of North Carolina. Defendant Bolin owns and controls Defendant, The Printin' Press, Inc. (hereinafter referred to as "Defendant Printin' Press"). Defendant Printin' Press screen prints logos and other designs on t-shirts and other apparel.

4.      The Defendant, B Holding, Inc., is a North Carolina corporation, authorized to conduct and conducting business with the State of North Carolina. Defendant Bolin owns and controls the operations of Defendant B Holdings, Inc. Based upon information and belief, Defendant B Holding, Inc. manages the administrative functions of Defendant Bolin's business enterprises, including the administrative functions of Defendants TexSource and Printin' Press.

5.      The Defendant, Robert F. Bolin, (or "Defendant Bolin"), is an adult resident and citizen of Cleveland County, North Carolina.

2

6.     At all times relevant herein, the corporate Defendants are, and continue to be "employers" within the meaning of Title VII and under state law in that they are engaged in commerce and/or an activity or industry affecting commerce, and collectively employ fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in this the current and/or preceding calendar year.

7.     At all times relevant herein, the Defendants were "joint employers" or were acting in concert as an "integrated enterprise," inasmuch as they exercised substantial control over the daily responsibilities and tasks assigned to Plaintiff, directed her work activities, and set the terms and conditions of her employment with them.   Additionally, the corporate Defendants were engaged in a common business enterprise, shared a common business location and at all times shared and continue to share common ownership and control.  Moreover, Defendant Bolin exercised substantial control over the human resources function of the corporate Defendant.

8.     This Court has jurisdiction over the parties and the subject matter of this Complaint. Venue in the Superior Court of Cleveland County is proper pursuant to N.C. Gen. Stat. § 1-82.

9.     All procedural prerequisites to the institution of this action have been fulfilled.

### III.
### STATEMENT OF FACTS

10.     The Defendants employed Plaintiff in August, 2006 to work in their warehouse. Eventually, in 2014, Defendants promoted Plaintiff to work in their Purchasing Department. Plaintiff worked closely with Defendants' Operations Manager, Sue Gilbert, and with Defendant Bolin.

11.     In February, 2019, Ms. Gilbert resigned as Defendants' Operations Manager.  Prior to her resignation, however, Ms. Gilbert provided training to Plaintiff so that she could assume some of

3

Ms. Gilbert's duties after her departure. Prior to her termination of employment, Plaintiff performed many of Ms. Gilbert's duties in addition to her purchasing responsibilities.

12.    Since at least May, 2018, Defendant Bolin sexually harassed Plaintiff and created a sexually hostile working environment for her and for others. For example, Plaintiff wore shorts to work in order to assist in conducting an inventory of supplies in the warehouse. In front of other employees Defendant Bolin came behind Plaintiff and pulled her shorts down around her ankles as she was in the warehouse. Defendant Bolin laughed and then commented, "that's why we don't wear shorts like that in the warehouse." There was nothing inappropriate about the length of Plaintiff's shorts nor did the Defendants maintain any dress code at that time.

13.    On other occasions, Defendant Bolin made offensive and sexually charged remarks to Plaintiff or in her presence within the workplace. For example, during a company presentation regarding virtual physician office visits, Defendant Bolin commented to Plaintiff in a loud voice, "Kathy, when that stuff comes oozing down your legs, you can just call the doctor." On another occasion, Defendant Bolin asked Plaintiff whether she "kept it groomed down there" referring to her pubic area. On other occasions, Defendant Bolin referred to women he employed as "sluts" and he often made derogatory comments about the size of some of his female employees' breasts. Defendant Bolin also made frequent comments at work about a blue sex toy he had kept on the business premises since at least 2009.

14.    In November, 2018, Defendant Bolin assaulted Plaintiff as she was walking to her car after she completed her work for the day. Before she reached her vehicle, Defendant Bolin pulled her inside a motorcycle shop owned by him that was located on Defendants' business premises, then immediately grabbed at, and placed his mouth on Plaintiff's breast. Plaintiff shouted at Defendant Bolin and immediately left the work premises.

4

15. Following the November, 2018 assault, Defendant Bolin assaulted Plaintiff again. On this occasion, Defendant Bolin requested that Plaintiff meet with him in his office. When she arrived at Defendant Bolin's office, Defendant Bolin lifted Plaintiff's shirt and grabbed her genital area.

16. In addition, just prior to Ms. Gilbert's resignation, Defendant Bolin came up behind Plaintiff, wrapped his arms around her, and then stuck his hands down the front of her shirt, grabbing her breasts. This incident occurred in the presence of Ms. Gilbert.

17. On June 19, 2019, Defendant Bolin again touched her breasts and pinched them in the presence of another employee.

18. Plaintiff did not welcome or solicit the sexually charged comments Defendant Bolin made about her or in her presence. Plaintiff did not welcome or solicit Defendant Bolin's misconduct toward her, nor did she consent to Defendant Bolin's groping and grabbing at her breasts or genital area.

20. Defendant Bolin also belittled and demeaned Plaintiff in the presence of her co-workers, yelling at her and commenting, "if you would get off your fat ass, Kathy, things would get done" and that she "did not know what the f——" she was doing. Defendant's comments were intended to make and did make Plaintiff believe she was powerless and would be unable to obtain alternate employment if she decided to resign.

21. Defendant Bolin's misconduct caused Plaintiff to frequently become tearful at work. On July 19, 2019, Plaintiff's physician requested that she be excused from work from July 22, 2019 through August 19, 2019 and requested that she be provided leave under the Family & Medical Leave Act. When Plaintiff provided Defendant Bolin with her physician's note, he responded by

5

stating that she would not be paid during her sick leave and that when she returned, he might decrease her hourly wages.

22.    Plaintiff attempted to obtain short-term disability benefits. Her claim for these benefits, however, was rejected.

23.    While Plaintiff was on sick leave, Defendant Bolin left a comment on one of her daughter's Face Book page, which insinuated that Plaintiff gave birth to her when Plaintiff was 14 years of age.

24.    On August 6, 2019, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, styled, "*Katherine B. Patterson v. TexSource, Inc., Metrolina Motorsports of KM, Inc., et al.*," EEOC Charge No. 430-2019-02719, against the corporate Defendants, alleging that she had been subjected to a sexually hostile working environment in violation of Title VII. A copy of EEOC Charge No. 430-2019-02719 is attached hereto as "**Exhibit 1**."

25.    On August 12, 2019, Defendant Bolin texted Plaintiff the words, "Help." Based upon information and belief, Defendant Bolin had received notification from the EEOC by this time that a charge of discrimination had been filed against his companies.

26.    On August 19, 2019, Plaintiff's counsel sent a letter and copy of Plaintiff's charge of discrimination via certified mail to Defendant Bolin notifying him of her representation of Plaintiff.

27.    On August 22, 2019, Plaintiff mailed to Defendant Bolin another note from her physician which requested that her medical leave of absence be extended. Plaintiff received no response from the Defendants regarding her request that her medical leave be extended.

6

28.     On September 4, 2019, Plaintiff was notified by members of the Kings Mountain Police Department that Defendants Printin' Press and Bolin filed criminal charges against her regarding a $29.00 check transaction for the sale of a t-shirt to a contractor Defendant Bolin used to clean his businesses' office.   On September 3, 2019, however, Plaintiff had inquired via text to Scott Ward, Defendant Printin' Press's manager, how to "get with [him]" to pay for the t-shirts. Scott Ward, who is believed to be related to Defendant Bolin, did not respond to Plaintiff's text message prior to the filing of criminal charges against her.

29.     Defendant Bolin intentionally filed criminal charges against Plaintiff to accomplish an ulterior purpose, that is, to retaliate against Plaintiff for filing a charge of discrimination against his businesses and to dissuade Plaintiff from pursuing legal action against him.

30.     On September 12, 2019, Plaintiff was arrested for and charged with the crime of "larceny by employee" in connection with the $29.00 check transaction.   This charge of larceny is baseless.

31.     On September 18, 2019, Plaintiff filed a second charge of discrimination with the U.S. Equal Employment Opportunity Commission, styled, *"Katherine B. Patterson v. TexSource, Inc., Metrolina Motorsports of KM, Inc., et al.,"* EEOC Charge No. 430-2019-03144, against the corporate Defendants, alleging that her employment had been terminated because of her sex and in retaliation for activities protected by Title VII.   A copy of EEOC Charge No. 430-2019-03144 is attached hereto as "**Exhibit 2**."

32.     On September 3, 2020, the U.S. Equal Employment Opportunity Commission issued Notices of Right to Sue in the matters of EEOC Charge Nos. 430-2019-02719 and 4320-2019-03144, respectively.   Copies of the Commission's Notice of Right to Sue in connection with each of Plaintiff's charges of discrimination are attached hereto as "**Exhibit 3**."

7

33. All procedural prerequisites to the filing of the instant action have been fulfilled.

## FIRST CLAIM FOR RELIEF AGAINST CORPORATE DEFENDANTS
### (Violation of Title VII – Sex Discrimination & Retaliation )

34. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 33 of this Complaint.

35. The corporate Defendants were Plaintiff's joint employers and/or acted as an integrated enterprise in that they exercised equal authority to hire and terminate Plaintiff's employment, supervised her work responsibilities, and equally controlled the conditions of her employment. The corporate Defendants further share common ownership, share a common business location, and share common control of their human resource and administrative functions

36. The corporate Defendants, by and through the actions of their owner, Defendant Bolin, subjected Plaintiff to unlawful sexual harassment and created a sexually hostile working environment for her. The actions taken toward Plaintiff by Defendant Bolin were because of her sex and were unwelcomed by Plaintiff. Further, the sexually harassing conduct of Defendant Bolin toward Plaintiff were severe and/or pervasive and were sufficient to create an abusive working environment and to alter the terms and conditions of Plaintiff's employment.

37. The corporate Defendants, by and through the actions of Defendant Bolin, failed to properly update and to communicate any of the EEO policies it had previously maintained for its employees, including policies prohibiting sex discrimination and sexual harassment within the workplace.

38. In addition, the corporate Defendants terminated Plaintiff's employment because of her sex and in retaliation for filing a charge of discrimination against them, all in violation of Title VII.

39. As a direct and proximate result of the corporate Defendants acts and omissions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to

8

loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of the corporate Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety and depression. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

40.     The corporate Defendants' acts and omissions were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF AGAINST CORPORATE DEFENDANTS
### ( Wrongful Discharge in Violation of State Public Policy)

41.  Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 40 of this Complaint.

42.     The North Carolina Equal Employment Practices Act provides that "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of . . . sex . . . by employers which regularly employ 15 or more employees." *N.C. Gen. Stat. §143-422.1.*

43.     The corporate Defendants were Plaintiff's joint employers and/or acted as an integrated enterprise in that they exercised equal authority to hire and terminate Plaintiff's employment, supervised her work responsibilities, and equally controlled the conditions of her employment. The corporate Defendants further share common ownership, share a common business location, and share common control of their human resource and administrative functions

9

44.    As her employer, the corporate Defendants terminated Plaintiff's employment because of her sex.

45.    The termination of Plaintiff's employment by the corporate Defendants constitutes a wrongful discharge in violation of North Carolina public policy.

46.    As a direct and proximate result of the corporate Defendants' acts, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of corporate Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

47.    The corporate Defendants' acts were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's state-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT BOLIN
### (Civil Sexual Battery)

48.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 47 of this Complaint.

49.    Defendant Bolin placed his hands and mouth on Plaintiff's breasts and private areas against her will and without her consent for the purpose of sexual arousal and/or sexual abuse.

50.    Defendant Bolin's acts constitute a sexual battery as defined by N.C. Gen. Stat. § 14-27.33.

10

51.     As a direct and proximate result of Defendant Bolin's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of corporate Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

52.     Defendant Bolin's actions were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's state-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT BOLIN
### (Abuse of Process)

53.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 52 of this Complaint.

54.     Defendant Bolin intentionally invoked the criminal process by causing criminal charges to be issued for felony larceny by employee in connection with a $29.00 transaction after Plaintiff filed a charge of discrimination against his businesses with the U.S. Equal Employment Opportunity Commission. Defendant Bolin had an ulterior purpose in pursuing such charges against Plaintiff in that he intended to retaliate against the Plaintiff for pursuing her civil claims against him and his businesses, and to dissuade Plaintiff from pursuing such claims against him and his businesses.

11

55. As a direct and proximate result of Defendant Bolin's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of corporate Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

56. Defendant Bolin's actions were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's state-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

57. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 56 of this Complaint.

58. The actions of the Defendants were extreme and outrageous and were intended to cause, and did cause Plaintiff severe emotional distress, including anxiety, depression, heart palpitations and humiliation and embarrassment.

59. As a direct and proximate result of Defendant Bolin's actions, Plaintiff suffers, and continues to suffer severe emotional distress, including, but not limited to anxiety, depression, heart palpitations, humiliation, and embarrassment. Accordingly, Plaintiff is entitled to have and

12

recover of the Defendants back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

56. Defendants' actions were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's federally protected and state protected rights. Accordingly, Plaintiff is entitled to have and recover of the Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT BOLIN
### (Pierce the Corporate Veil)

57. Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 56 of the Complaint.

58. Defendant Bolin has deliberately under-capitalized the corporate Defendants and such entities may not have sufficient funds to pay damages owed to Plaintiff. Based upon information and belief, however, Defendant Bolin possesses substantial monetary and other assets sufficient to pay any judgment rendered in Plaintiff's favor.

59. Defendants, by and through the direct actions of Defendant Bolin, have committed violations of Title VII and state law. Accordingly, Plaintiff is entitled to an Order piercing the corporate veil such that Defendant Bolin is liable for the damages sustained by Plaintiff in the amounts to be proved at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to:

A. Enter judgment in her favor and grant a permanent injunction enjoining the Defendants from engaging in unlawful employment practices, including those practices which violate Title VII and state law and policy.

13

B. Order the Defendants to make the Plaintiff whole by providing her with equitable relief and monetary damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for the loss of present and future lost wages and other benefits, as well as for her emotional distress, anxiety, and humiliation caused by the acts of the Defendants.

C. Order the Defendants to pay to the Plaintiff punitive damages as provided by federal and state law in amounts to be proved at trial exceeding Twenty-Five Thousand Dollars ($25,000.00).

D. Award Plaintiff her reasonable costs and attorney's fees incurred in this action as provided by federal and state law.

E. Grant such further and different relief to the Plaintiff, including an order piercing the corporate veil, as the Court deems necessary and proper under the circumstances.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff demands a jury trial regarding the matters alleged herein.

This the _19TH_ day of October, 2020.

Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC  28277
Telephone: (704) 944-3272
Facsimile:  (704) 944-3201
Email: sharpeattorney@gmail.com

14

/s/ *Julie H. Fosbinder*

Julie H. Fosbinder, Esq.
Attorney at Law
N.C. State Bar No. 19400

**FOSBINDER LAW OFFICE**
840 Seneca Place
Charlotte, North Carolina 28210
Telephone: (704) 333-1428
 (704) 560-8600
Email: Jhanfos2@gmail.com

15

STATE OF NORTH CAROLINA            )
                                   )            **VERIFICATION**
CLEVELAND COUNTY                   )
_____    )

The undersigned, KATHERINE B. PATTERSON, being duly sworn, deposes and says:

She is the Plaintiff in the foregoing civil action; that she has read the Complaint filed in this action; that the allegations contained in that document are true and are based upon her own knowledge and belief; and as to those matters and things stated in her Complaint upon information and belief, she believes them to be true.

This the 14 th day of October, 2020.

_Katherine B Patterson_

KATHERINE B. PATTERSON

Sworn to and subscribed before me
this the 14 day of October, 2020.

_[signature]_
Notary Public

My commission expires: August 25 2022

_[Notary seal: SHERRI G. McSWAIN · NOTARY PUBLIC · CLEVELAND COUNTY, NC]_

# PATTERSON V. TEXSOURCE, INC., ET AL.

## COMPLAINT
## EXHIBIT 1

**CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☒ EEOC 430-2019-02719

| NAME (Indicate Mr., Ms., or Mrs.)<br>KATHERINE B. PATTERSON | HOME TELEPHONE NO. (Include Area Code)<br>(704) 349-1422 | DATE OF BIRTH<br>2/22/1962 |
|---|---|---|
| STREET ADDRESS<br>911 HENRY STREET | CITY, STATE AND ZIP CODE<br>KINGS MOUNTAIN , NC 28086 | COUNTY<br>Cleveland |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR
LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>TEXSOURCE, INC. &<br>METROLINA MOTORSPORTS<br>OF KM, INC., ET AL. | NO. OF EMPLOYEES/MEMBERS<br><br><br>23+ | TELEPHONE NUMBER (Include Area Code)<br><br><br>(704) 651-3476 |
|---|---|---|
| STREET ADDRESS<br>714 CLEVELAND AVENUE | CITY, STATE AND ZIP CODE<br>KINGS MOUNTAIN, NC 28086 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐RACE ☐COLOR ☒SEX ☐RELIGION ☐NATIONAL ORIGIN

☐AGE ☐RETALIATION ☐DISABILITY ☐OTHER (Specify)

DATE MOST RECENT OR
CONTINUING
DISCRIMINATION TOOK
PLACE: 02/15/19 and continuing
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):
Please see attachment to charge of discrimination.

---

I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone
number and I will cooperate fully with them in the processing
of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true
and correct.

KATHERINE B. PATTERSON
Date: (Day, month and year) 08/02/2019

Charging Party Signature: *Katherine B. Patterson*

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it
is true to the best of my knowledge, information and beliefs.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

RECEIVED
DIRECTOR

AUG - 6 2019

Charlotte District Office

**ATTACHMENT TO CHARGE OF DISCRIMINATION**
**Katherine B. Patterson v. TexSource, Inc. & Metrolina Motorsports of KM, Inc., et al.**
**EEOC Charge No.** 430-2019-00719

1.    I am an adult citizen and resident of Cleveland County, North Carolina. My date of birth is February 22, 1962.

2.    The Respondent, TexSource, Inc. is a NC corporation which employs approximately 23 employees. It sells screen printing equipment, screen printing ink and other screen printing supplies from its facility located at 714 Cleveland Avenue, Kings Mountain, NC. TexSource, Inc. is owned by Robert Bolin. Since May, 2017, Mr. Bolin owns and has also operated another business from this same location, Respondent Metrolina Motorsports. According to the NC Secretary of State's website, Mr. Bolin also operates at least two other businesses from the Cleveland Avenue address, The Printin' Press and B Holding, Inc. With respect to B Holding, Inc., Mr. Bolin recently appointed his son as president of this corporation. Nonetheless, I believe Mr. Bolin continues to control B Holding. I contend that all of these businesses constitute an integrated enterprise for purposes of my Title VII claim and that collectively, they are my "employer" and/or the Respondent as referred to in this charge.

2.    I was employed by the Respondent in August, 2006 to work in the warehouse. I was later transferred to a customer service position. Subsequently, in 2014 I was promoted to my current position in Purchasing. In February, 2019, Respondent's Operation Manager, Sue Gilbert, resigned. Prior to her resignation, Ms. Gilbert provided training to me so that I could assume many of her duties after her departure. Presently, I perform some of Ms. Gilbert's former duties in addition to my duties in Purchasing.

3.    Since at least May, 2018, Respondent's owner, Robert Bolin, has subjected me to sexual harassment and has created a sexually hostile working environment for me and others, including Ms. Gilbert. Respondent does not have a dedicated human resources manager and its employee handbook has not been updated in many years and has not been disseminated to our newer staff members.

4.    For example, within the last 6 months, Mr. Bolin came behind me, wrapped his arms around me and put his hands down my shirt. I immediately jumped back and said to him that he "shouldn't do that." In response, Mr. Bolin just laughed. Ms. Gilbert witnessed this incident. Mr. Bolin has done this to me previously on at least 2 other occasions. On one of these occasions, Mr. Bolin grabbed my crotch. On each of these prior occasions, I pulled away from Mr. Bolin and immediately left his presence and indicated my shock and distaste for his conduct. I did not welcome these advances.

5.    In June, 2019, Mr. Bolin pinched my breast while I was meeting with another employee to go over paperwork. Jessie Beech was present when this occurred. She could see my embarrassment and said, "Robert!" as though scolding him. I stepped back from him; I was so taken aback and was speechless. I did not welcome this incident though.

6.      On another occasion, I had worn shorts to work because we were going to conduct an inventory of supplies. Mr. Bolin came behind me as I was in the warehouse and pulled my shorts down around my ankles. I was extremely embarrassed by this incident as it was witnessed by several employees within the warehouse. Mr. Bolin just laughed. The only comment Mr. Bolin made at the time was "See, that's why we don't wear shorts like that in the warehouse."

There was nothing inappropriate about the length of my shorts. Further, Respondent has no dress code.

7.      On yet another occasion, Mr. Bolin made an inappropriate remark during a company meeting with an AFLAC representative. The AFLAC representative was giving a presentation regarding virtual doctor visits. During the presentation, Mr. Bolin commented to me loudly enough so all could hear, "Kathy when that stuff comes oozing down your legs, you can just call the doctor."

8.      In addition to the foregoing, I have heard Mr. Bolin refer to women as "sluts." He has also made derogatory comments about the size of a female employees breasts, stating on one occasion that he would have to provide a certain employee with an extra desk — one for her and one for her breasts. I have also seen him making a sexual gesture with his hips while he was standing behind another female employee.

9.      My work atmosphere has increasingly become abusive and stressful. It has become difficult for me to work for Respondent. I am currently under my physician's care and have been written out of work effective July 22, 2019 through August 19, 2019. Mr. Bolin told me that I would not get paid for being out (even though I have applied for short-term disability). He also told me that when I come back he could drop my pay to minimum wage. I currently earn $15.00 per hour.

10.     For the foregoing reasons, I contend that the Respondent, by and through the actions of Robert Bolin, has subjected me to sexual harassment and has created a sexually hostile working environment for me and other female employees as a class in violation of Title VII of the Civil Rights Act of 1964, as amended.

# PATTERSON V. TEXSOURCE, INC., ET AL.

## COMPLAINT
## EXHIBIT 2

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER | |
|---|---|---|

**CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

ENTER CHARGE NUMBER

☐ FEPA
☒ EEOC      430-2019-03144

| NAME (Indicate Mr., Ms., or Mrs.) KATHERINE B. PATTERSON | HOME TELEPHONE NO. (Include Area Code) (704) 349-1423 | DATE OF BIRTH 2/22/1962 |
|---|---|---|
| STREET ADDRESS 911 HENRY STREET | CITY, STATE AND ZIP CODE KINGS MOUNTAIN , NC 28086 | COUNTY Cleveland |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR
LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME TEXSOURCE, INC. & METROLINA MOTORSPORTS OF KM, INC., ET AL. | NO. OF EMPLOYEES/MEMBERS 23+ | TELEPHONE NUMBER (Include Area Code) (704) 651-3476 |
|---|---|---|
| STREET ADDRESS 714 CLEVELAND AVENUE | CITY, STATE AND ZIP CODE KINGS MOUNTAIN, NC 28086 | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ AGE   ☒ RETALIATION   ☐ DISABILITY   ☐ OTHER (Specify)

DATE MOST RECENT OR
CONTINUING
DISCRIMINATION TOOK
PLACE: 07/22/19 and continuing
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):
Please see attachment to charge of discrimination.

RECEIVED
DIRECTOR
SEP 1 8 2019
Charlotte District Office
EEOC
Charlotte, NC

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (When necessary to meet State and Local Requirements) I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and beliefs. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| KATHERINE B. PATTERSON Date: (Day, month and year) 09/17/2019 Charging Party Signature: *Katherine Patterson* | |

I

**ATTACHMENT TO CHARGE OF DISCRIMINATION**
**Katherine B. Patterson v. TexSource, Inc. & Metrolina Motorsports of KM, Inc., et al.**
**EEOC Charge No.** _____ 430-2019-03144 _____

1.      I am an adult citizen and resident of Cleveland County, North Carolina. My date of birth is February 22, 1962.

2.      I filed a charge of discrimination against the Respondent on August 6, 2019, Charge No. 430-2019-02719. In that charge, I alleged that the owner of the Respondent subjected me to sexual harassment and created a sexually hostile working environment for me and other female employees.

3.      I went out on a medical leave of absence on July 22, 2019. My leave has been unpaid. On July 28, 2019, Mr. Bolin posted a comment on by daughter's Face Book page which implied that I gave birth to my daughter when I was fourteen years of age.

4.      After I engaged legal counsel and after Mr. Bolin was notified of my charge of discrimination, Mr. Bolin filed a complaint against me with the Kings Mountain Police Department. This complaint was made on September 4, 2019 and alleged that I retained funds given to me by Sheila Reinhardt, the owner of an outside cleaning service, in payment of a $29.00 tee shirt order from the Printin Press – an affiliate of TexSource. The shirts were ordered on August 1, 2019, while I was on a medical leave of absence. Since that date, I have attempted to pay for the shirt order by texting Printin Press manager, Scott Ward. Mr. Ward did not respond to my texts requesting how much was owed and how to deliver the money to him. Ultimately, I returned the $29.00 to Ms. Reinhardt by certified mail. I sent my last text to Scott Ward on September 3, 2019, notifying him that I would return the funds to Ms. Reinhardt and that she could pay her account directly to the Printin Press.

5.      On September 4, 2019, I was called in for questioning by the Kings Mountain Police Department. On September 12, 2019, I was arrested by the Kings Mountain Police Department on a charge of "larceny by employee." This is a felony. I have had to retain criminal legal counsel to represent me in connection with this charge.

6.      It is my contention that TexSource, its affiliates, and Robert Bolin have and are retaliating against me because I filed a charge of discrimination against them. I contend that their actions are intended to dissuade me from pursing my claims of sexual harassment and sexual battery. Their actions have caused me substantial emotional distress.

7.      Based upon the foregoing facts, the Respondent has and continues to retaliate against me because of activities protected by Title VII of the Civil Rights Act of 1964, as amended. I further contend that Respondent's act of filing criminal charges against me constitutes a termination of my employment. Therefore, I contend that Respondent has discharged me because of my sex and because of my protected activity in violation of Title VII.

2

# PATTERSON V. TEXSOURCE, INC., ET AL.

## COMPLAINT
## EXHIBIT 3

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Katherine B. Patterson
911 Henry Street
Kings Mountain, NC 28086

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2019-02719 | **Hattie W. Murphy, Investigator** | (980) 296-1261 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sandra Little, for*

**Thomas M. Colclough,**
**District Director**

9/3/2020
*(Date Mailed)*

Enclosures(s)

cc: **Christopher M. Whelchel**
**Attorney**
**GRAY, LAYTON, KERSH**
**516 South New Hope Road**
**Gastonia, NC 28054**

Jenny Sharpe, Esq.
J SHARPE, PLLC
Ballantyne One
15720 Brixham Hill Ave Ste 300
Charlotte, NC 28277

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Katherine B. Patterson<br>911 Henry Street<br>Kings Mountain, NC 28086 | From: Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2019-03144C | **Hattie W. Murphy, Investigator** | (980) 296-1261 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sandra Lettlefe* 9/3/2020

**Thomas M. Colclough,**
**District Director**
*(Date Mailed)*

Enclosures(s)

cc: Christopher M. Whelchel
Attorney
GRAY, LAYTON, KERSH
516 South New Hope Road
Gastonia, NC 28054

Jenny Sharpe, Esq.
J SHARPE, PLLC
Ballantyne One
15720 Brixham Hill Ave Ste 300
Charlotte, NC 28277

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>**within 6 months**</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*